339



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Cleveland Davis
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. O-3084
Re: What fund should the engineer
employed by Brazoria County
to construct and maintain the
public roads of said county
be paid from?

Your request for opinion upon the above question
has been received and carefully considered by this department.

Article 6668, Vernon's Annotated Texas Civil
Statutes, reads as follows:

"The Department shall adopt such rules
as are found necessary to determine the fit-
ness of engineers making application for highway
construction work. Upon the formal appli-
cation of any county or organized road dis-
trict thereof, or of any municipality, the
Commission may recommend for appointment
a competent civil engineer, and graduate of
some first class school of civil engineering,
skilled in the knowledge of highway construc-
tion and maintenance."

Article 6740, Vernon's Annotated Texas Civil
Statutes, reads as follows:

"The commissioners court shall see that
the road and bridge fund of their county is
judiciously and equitably expended on the
roads and bridges of their county, and, as
nearly as the condition and necessity of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the roads will permit, it shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct. Money used in building permanent roads shall first be used only on first or second-class roads, and on those which shall have the right of way furnished free of cost to make as straight a road as is practicable and having the greatest bonus offered by the citizens of money, labor or other property."

Article 6741, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The commissioners court may make and enforce all reasonable and necessary rules and orders for the working and repairing of public roads, and to utilize the labor to be used and money expended thereon, not in conflict with the laws of this State. Said court may purchase or hire all necessary road machinery, tools or teams, and hire such labor as may be needed in addition to the labor required of citizens to build or repair the roads."

The cases of Williams, et al v. De Fee, County Judge, 77 S. W. (2d) 729 and Hill County v. Bryant & Hoffman, 16 S. W. (2d) 513, cited by you in your brief, hold that the Commissioners' Court has authority to employ an engineer to supervise and aid in the construction and maintenance of county roads.

We quote from 21 Texas Jurisprudence, pages 644-5, as follows:

"¶ 126. Employment of Engineer. - The state highway engineer is a statutory officer. But for a county or road district the State Highway Commission may, upon application, recommend a competent civil engineer, and there is no doubt that under the general road law a county has implied power to employ an

Honorable Cleveland Davis, Page 3

engineer to supervise construction contracts. It is now expressly provided that the engagement of an engineer shall not be subject to competitive bidding. Whether a special road law governing a particular county authorizes such employment, and, if so, whether the engineer may be employed on a commission basis, depend on what is expressed or implied by the law in question.

"Generally, of course, the compensation of the engineer and other obligations inter se are determined by the contract itself. The question has been raised as to what compensation is so excessive as to be of itself evidence of fraud, and it has been held that a contract was not invalid for fraud because six per cent. of the cost of the construction work was payable thereunder.

"Where road improvement work is undertaken by the county as employer of the workmen engaged, the engineer-supervisor is not a contractor within the purview of the statute requiring contractors for public works to furnish a bond.

"¶ 127. Power and Authority to Contract. - Being invested with the power and charged with the duty of creating and maintaining adequate roads, a commissioners' court necessarily has authority to contract for road construction and improvement work.

"'The Legislature has seen proper to confer upon the commissioners' court the power and authority to make contracts for the repairing and construction of roads within its county, and so long as said courts make contracts within the restrictions of the constitution and under the authority of the law, it is not for the

Honorable Cleveland Davis, Page 4

courts to substitute their judgment for
that of the commissioners' court as to
the wisdom of such contracts.' . . . . ."

You do not state in your letter whether or not
Brazoria County is governed by the general road law but
we assume from your letter that such is the case and we
base our answer to your question upon the assumption
that your county is governed by the general road law.

On May 13, 1938, this department held, in a
letter opinion written by Honorable R. E. Gray, Assis-
tant Attorney General, recorded in Vol. 381, page 509,
Letter Opinions of the Attorney General, that the Com-
missioners' Court had authority to employ an engineer to
supervise and aid in the construction and maintenance of
county roads, and that his salary should be paid from
the road and bridge funds of the county.

It is therefore our opinion that the engineer
employed by Brazoria County to construct and maintain the
public roads of said county should be paid from the road
and bridge funds of said county.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:GO

APPROVED FEB 20, 1941

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN